IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,797






EX PARTE RICKEY DALE WYATT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W81-01187-K(E) IN THE CRIMINAL DISTRICT COURT 4 


FROM DALLAS COUNTY






 Per curiam. Keasler, J., not participating.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated rape
and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Wyatt v. State, No. 05-81-00788-CR (Tex. App. - Dallas, August 16, 1982). 

 Applicant contends, inter alia, that the State withheld material favorable and exculpatory
evidence from the defense. See Brady v. Maryland, 373 U.S.83, 87 (1963); Ex parte Kimes, 872
S.W.2d 700, 702-703 (Tex. Crim. App. 1993). 

 The parties have submitted agreed findings of fact and conclusions of law, which the trial
court has adopted. As a preliminary matter, the trial court finds that Applicant could not have raised
his Brady claim in a prior writ application, because the suppressed evidence was not available until
the current District Attorney instituted an open file policy. Therefore, this application is not a
subsequent application barred by Section 4 of Article 11.07 of the Texas Code of Criminal
Procedure.

 Applicant was arrested on January 24, 1981, as a suspect in three different cases involving
sexual assaults and attempted sexual assaults. The three complainants had given police descriptions
of their attacker, and eventually identified Applicant in photo lineups. One of the complainants
viewed a live lineup, in which Applicant was a participant, and failed to identify Applicant.

 At trial, Applicant relied on a defense of mis-identification. Applicant's primary argument
was that at the time of the alleged offenses, he weighed between 130 and 144 pounds. The
descriptions given by the complainants involved a person who weighed at least 170 pounds. The
State presented testimony from the arresting officer, who testified that Applicant had told him that
he had lost approximately 30 pounds in the week and a half prior to his arrest. Applicant also
presented evidence that he had facial hair at the time of the offenses, which was inconsistent with
at least one of the complainants' description of her attacker. The jury found Applicant guilty of one
charge of aggravated rape, and sentenced him to ninety-nine years' imprisonment.

 In this application, Applicant alleges that the State withheld four specific items of evidence
which would have supported the defense's theory of mis-identification. Those items were a police
photograph and fingerprint card from a May 20, 1980, arrest, which depicted Applicant with facial
hair and showed his weight as 135 pounds, a police report indicating that one of the complainants
told police that her attacker weighed 200 pounds, and the fact that the same complainant had viewed
a live lineup and had not identified Applicant in that lineup.

 The State concedes that these items, which were in the possession of the State prior to trial,
were not disclosed to the defense pursuant to motions for discovery and for Brady information. The
trial court finds that each of these items was suppressed by the State, and that each of the items
constitutes material favorable or exculpatory evidence. The trial court recommends that Applicant's
conviction be vacated based on the State's non-disclosure of these items of evidence.

 We find, therefore, that Applicant is entitled relief. The judgment of conviction in Cause 

No. F81-01187-PK from the Criminal District Court 4 of Dallas County is vacated, and Applicant
is remanded to the custody of the Dallas County Sheriff to face the charges against him. The trial
court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

 


Delivered: May 9, 2012

Do Not Publish